UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KELVIN LANDRY (#494977)

VERSUS                                    CIVIL ACTION

BURL CAIN, ET AL                          NUMBER 09-263-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.


ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.


Baton Rouge, Louisiana, August 25, 2010.


STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KELVIN LANDRY (#494977)

VERSUS                                          CIVIL ACTION

BURL CAIN, ET AL                                NUMBER 09-263-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the application of petitioner Kelvin Landry for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Procedural Background**

Petitioner was found guilty of one count second degree murder (Count One) and one count felon in possession of a firearm (Count Two) in the Eighteenth Judicial District Court for the Parish of Iberville, Louisiana on March 3, 2005. Petitioner was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence on the second degree murder count and to a consecutive 15 year term of imprisonment at hard labor on the felon in possession of a firearm count.

The First Circuit Court of Appeal affirmed the petitioner's conviction and sentence on Count One; the sentence on Count Two was set aside and remanded for re-sentencing. *State of Louisiana v. Kelvin Landry*, 2005-1729 (La. App. 1st Cir. 5/5/06), 930 So.2d 1242 (Table). Petitioner's application for supervisory review was

denied by the Louisiana Supreme Court.  *State of Louisiana v. Kelvin Landry*, 2006-1606 (La. 1/8/07), 948 So.2d 122.

Petitioner signed his application for post-conviction relief on August 27, 2007, and it was filed on August 30, 2007.  On October 31, 2009, the district court denied relief.  Petitioner sought review by the First Circuit Court of Appeal.  On June 6, 2008, the court of appeal denied review.  *State of Louisiana v. Kelvin Landry,* 2008-0542 (La. App. 1st Cir. 6/6/08).  Petitioner sought review by the Louisiana Supreme Court on June 20, 2008.  The Louisiana Supreme Court denied review.  *State of Louisiana ex rel. Kelvin Landry v. State of Louisiana*, 2008-1447 (La. 3/27/09), 5 So.3d 137.

Petitioner signed his federal habeas corpus application on April 27, 2009 and it was filed on April 30, 2009.  Petitioner raised the following grounds for relief:

(1)  there was insufficient evidence to support his second degree murder conviction;

(2)  the trial court erred in not allowing the petitioner to proffer a statement made by Eugene Williams to the police;

(3)  the indictment was not brought in open court by the grand jury in violation of his Fourteenth Amendment rights;

(4)  he received ineffective assistance of counsel;

(5)  his waiver of assistance of counsel was not knowing and intelligent;

2

(6) the trial court failed to properly charge the jury on circumstantial evidence; and,

(7) he was denied a fundamentally fair trial as a result of the cumulative effect of trial errors.

Except for Ground 1, the petitioner's application does not clearly indicate whether the grounds for relief apply only to the second degree murder conviction, only to the felon in possession of a firearm conviction, or both.   Nonetheless, the petitioner's arguments in his supporting memorandum indicate that Grounds 2, 3, 4, 6 and 7 are directed only to the second degree murder conviction.   As to Ground 3, although the petitioner was charged in separate indictments, both were returned on the same day by the same grand jury.   However, the petitioner's supporting memorandum only discusses "the indictment."   Since most of the grounds for relief are directed to the second degree murder charge, it is reasonable to conclude that Ground 3 is also directed to that charge.   Since  both charges were tried together, the court will treat Ground 5 as being directed to both charges.

No evidentiary hearing is required.   Petitioner has exhausted available state court remedies.

## Applicable Law and Analysis

For the reasons which follow, relief should be denied on Grounds  1, 2, 3, 4, 6 and 7, and relief should be granted on Ground 5.

3

The Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination. It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable

application of ... clearly established Federal law."   When the
issue before the court is a mixed question of law and fact, the
court may grant relief only if it determines that the state court
decision rested on "an unreasonable application of ... clearly
established Federal law, as determined by the Supreme Court," to
the facts of the case.   The first clause of subsection (d)(1)
refers to questions of law.   When the issue raised involves a
purely legal question, the court may grant relief only if it
determines that a state court's decision rested on a legal
determination that was "contrary to...clearly established Federal
law, as determined by the Supreme Court." *Id*.

### Ground 1: Insufficient Evidence

In his first ground for relief, the petitioner argued that
there was insufficient evidence to support his second degree murder
conviction.

The standard for gauging the sufficiency of the evidence to
support a conviction is well established.   "[T]he relevant question
is whether, after viewing the evidence in the light most favorable
to the prosecution, *any* rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt."
*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979)
(emphasis in original).   Even if state law would impose a more
demanding standard of proof, only the *Jackson* standard must be
satisfied to maintain the constitutionality of a conviction.

5

*Gilley v. Collins*, 968 F.2d 465 (5th Cir. 1992); *Schrader v. Whitley*, 904 F. 2d 282, 284 (5th Cir.), *cert. denied*, 498 U.S. 903, 111 S.Ct. 265 (1990). The evidence may be found sufficient to support a conviction even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence. *Gilley*, supra; *Gibson v. Collins*, 497 F.2d 780, 783 (5th Cir. 1991). The *Jackson* standard applies to both bench and jury trials. *Jackson*, 433 U.S. at 309, 311 and n. 3, 317 n. 8, 99 S.Ct. at 2783, 2785 and n. 3, 2788 and n. 8.

The substantive elements which the state must prove in order to convict a defendant are determined by state law. At the time of the petitioner's offense, second degree murder was defined in relevant part as "the killing of a human being: (1) [w]hen the offender has a specific intent to kill or to inflict great bodily harm." LSA-R.S. 14:30.1(A)(1).

The First Circuit Court of Appeal made the following factual findings:

> At the outset we note that the defendant's specific intent to kill Porch may be properly inferred from his act of pointing the gun at Porch and firing it. Williams specifically indicated that the defendant aimed and fired the gun after Porch asked him to put the gun down. This occurred approximately seven seconds after the defendant hit Williams in the head with it. Williams concluded that the defendant was aiming the gun at Porch when he shot and killed Porch. William's testimony is inconsistent with the defendant's claim of accidental discharge. . . . [W]e disagree with the defendant's contention that the evidence supports a conviction of negligent homicide.

We further conclude that a rational fact finder, viewing the evidence in light most favorable to the prosecution, could find that the evidence presented by the state established that the defendant was the aggressor in the conflict and, thus, was not entitled to claim self-defense. After the initial verbal altercation, the defendant left and then returned to the vehicle. The defendant could have kept his distance from the vehicle but instead chose to re-approach the vehicle, armed with a deadly weapon. Further, even if it could be found that the defendant was not the aggressor, any rational trier of fact could find, beyond a reasonable doubt, that the defendant did not act in self-defense or accidentally discharge the gun. It is uncontested that Porch was unarmed, handicapped, and never exited the vehicle. It is also uncontested that Williams was handicapped and never exited the vehicle. We also note that the defendant's actions after the offense, in hiding the weapon and fleeing, are also inconsistent with a theory of self-defense. . . .

Regarding the defendant's alternative manslaughter argument, it is clear that Porch did not provoke the defendant in any manner. Moreover, the average person would not have returned to the vehicle (occupied by two handicapped, and possibly intoxicated, older men) armed with a loaded gun. We find that the defendant failed to prove the mitigating factors beyond a preponderance of the evidence. . . .

*Landry*, 05-1729 at 8-9.

The evidence introduced at trial was sufficient to support the petitioner's second degree murder conviction. The *Jackson* standard requires only that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Gilley*, *supra*. That standard was met in this case. Petitioner has not shown that the state courts' adjudication of his insufficiency of the evidence claim satisfies either of the criteria of section 2254(d). Petitioner's insufficiency of the evidence claim has no merit.

**Ground 2: Proffer Evidence**

In his second ground for relief, the petitioner argued that the trial court erred in not allowing the petitioner to proffer a statement made by Eugene Williams to the police pursuant to LSA-C.C.P. art. 1636.

First, a federal habeas court grants relief when the petitioner is held "in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution* or laws or treaties of the United States." 28 U.S.C. § 2254(a)(emphasis added). A federal habeas court asks only whether a constitutional violation infected the trial. *Pemberton v. Collins*, 996 F.2d 789 (5th Cir. 1993). *See also, Herrera v. Collins*, 506 U.S. 390, 113 S.Ct. 853, 859 (1993). An error in the application of state law by the trial court does not provide grounds for habeas relief. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567 (1982). Federal courts will not review a state court's interpretation of its own law in a federal habeas corpus proceeding. *Cook v. Morrill*, 783 F.2d 593 (5th Cir. 1986).

Insofar as the foundation of the petitioner's habeas application rests on the proper interpretation and application of state jurisprudence and rules of evidence, this is an issue not within the scope of federal habeas corpus.

To the extent that the petitioner argued that he was denied his Sixth Amendment right to confront witnesses against him, this

8

claim is without merit.[1]

The Confrontation Clause, applicable to the states through the Fourteenth Amendment, provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S. Const. amend. VI. The guarantees of a face-to-face confrontation with witnesses at trial and of the right to cross-examine those witnesses serve to protect the integrity of the fact-finding process in criminal trials. *Coy v. Iowa*, 487 U.S. 1012, 1019-20, 108 S.Ct. 2798, 2802-03 (1988). Habeas relief may be granted based on the state court's erroneous evidentiary ruling only if that ruling violated the petitioner's constitutional rights or rendered his trial fundamentally unfair. *Johnson v. Puckett*, 176 F.3d 809 (5th Cir. 1999). Although the scope of cross-examination is within the discretion of the trial court, and it may impose reasonable limits on defense counsel's inquiry, "that discretionary authority comes about only after sufficient cross examination has been granted to satisfy the Sixth Amendment." *United States v. Landerman*, 109 F.3d 1053, 1061 (5th Cir. 1997).

The Confrontation Clause is satisfied where defense counsel has been permitted to expose to the jury facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness. *United*

---

[1] *See* Pro Se Assignment of Error Number 1.

*States v. Restivo*, 8 F.3d 274, 278 (5th Cir. 1993).

The record reflects that counsel was able to elicit testimony from Williams on cross-examination.[2]  The district court did not violate the petitioner's Sixth Amendment right to confrontation. Petitioner's Sixth Amendment confrontation clause claim is without merit.

### Ground 3: Defective Indictment

In his third ground for relief, the petitioner argued that the indictment is defective.  Specifically, the petitioner argued that the court minutes do not indicate that any member of the Iberville Parish grand jury was present during the return of the indictment in contravention of LSA-C.Cr.P. arts. 435 and 444.

It is well settled that the sufficiency of a state court indictment or bill of information is not a matter for federal habeas relief unless the indictment or information was so defective that the convicting court had no jurisdiction. *McKay v. Collins,* 12 F.3d 66, 68 (5th Cir. 1994) (citing *Branch v. Estelle,* 631 F.2d 1229 (5th Cir.1980)), *reh'g granted in part on other grounds sub nom., Williams v. Collins,* 12 F.3d 70 (5th Cir.), *cert. denied,* 513 U.S. 854, 115 S.Ct. 157 (1994); *see also Morlett v. Lynaugh,* 851 F.2d 1521, 1523 (5th Cir.1988), *cert. denied,* 489 U.S. 1086, 109 S.Ct. 1546 (1989); *Uresti v. Lynaugh,* 821 F.2d 1099, 1102 (5th Cir.

---

[2] Trial Transcript, pp. 190-206.

1987).  State law provides the reference point for determining the sufficiency of an indictment or information and the charging instrument can be found to be "fatally defective" only where no circumstances can exist under which a valid conviction could result under state law from the facts provable under the indictment or information.  *Morlett v. Lynaugh,* 851 F.2d at 1523; *Johnson v. Estelle,* 704 F.2d 232, 236 (5th Cir.1983), *cert. denied,* 465 U.S. 1009, 104 S.Ct. 1006 (1984).  If the question of the sufficiency of the indictment or information has been presented to the state's highest court and the petitioner's challenge has been rejected by that court, either explicitly or implicitly, then further consideration of the sufficiency of the charging instrument is foreclosed in federal habeas corpus proceedings.  *McKay v. Collins,* 12 F.3d at 68-69; *Morlett v. Lynaugh,* 851 F.2d at 1523; *Alexander v. McCotter,* 775 F.2d 595, 599 (5th Cir.1985).

Petitioner raised the issue of the sufficiency of the indictment in his post-conviction writ application to the Louisiana Supreme Court, which implicitly rejected the contention. Petitioner is therefore foreclosed from proceeding on this ground in this forum.  *See Id.*

### Ground 4: Ineffective Assistance of Counsel

In his fourth ground for relief, the petitioner argued that he was denied effective assistance of counsel.  Specifically, the petitioner argued that counsel rendered ineffective assistance of

11

counsel when: (1) he failed to call the petitioner's mother as a witness as promised in his opening statement; (2) he failed to investigate, interview and subpoena witnesses and obtain documentary evidence; (3) he presented an unsupported theory of the case; and, (4) he failed to object to an erroneous jury instruction. No aspect of the petitioner's ineffective assistance of counsel claim has merit.

To obtain habeas relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

In the first component of his ineffective assistance of counsel claim the petitioner argued that his counsel failed to call Helen Jackson, the petitioner's mother, as a witness, as counsel

12

stated in his opening statement.

Later in the trial petitioner's counsel decided to not call the her as a witness.  This is clearly a matter of trial strategy. Shortly before the State rested its case, the petitioner invoked his Sixth Amendment right to self-representation.[3] After the State rested its case, the petitioner called Jackson as the first witness.[4]   Given the testimony elicited from Jackson, on both direct examination by the petitioner himself and on cross examination,[5] counsel's decision to not call her was reasonable.[6] Consequently, the first component of the petitioner's ineffective assistance of counsel is without merit.

In the second component of his ineffective assistance of counsel claim the petitioner argued that counsel failed to investigate, interview and subpoena witnesses and obtain documentary evidence.  Specifically, the petitioner argued that counsel failed to interview Eugene Williams, a State witness, to gain his cooperation and ascertain crucial information regarding Williams' statement to police following the incident.  Petitioner

---

[3] Trial Transcript, at 216-251.

[4] Trial Transcript, at 254.

[5] Trial Transcript, at 255-297.

[6] After the prosecutor finished his cross examination, at the petitioner's request the trial judge allowed the petitioner's trial counsel to resume representing him and conduct the redirect examination.  Trial Transcript, at 298-314.

argued that had Williams been interviewed before trial, counsel could have impeached Williams and prevented Williams from invoking his Fifth Amendment right.

First, a review of the record showed that counsel did propound discovery seeking *Brady* material.  Second, Williams testified at trial, was subjected to cross-examination and did not invoke the Fifth Amendment at the petitioner's trial.  There is no reasonable probability that had counsel investigated the testimony of Williams more thoroughly before the trial the outcome of the petitioner's trial would have been any different.

In the third component of his ineffective assistance of counsel claim, the petitioner argued that counsel was ineffective when he presented an unsupported theory of the case.

Counsel argued in his opening statements that the petitioner lacked the specific intent to kill or harm the decedent and stated that the jury would hear from the petitioner's mother, Helen Jackson.[7]  As already noted above, later in the trial the petitioner's counsel decided to not call the her as a witness. This is clearly a matter of trial strategy.  Given the testimony elicited from Jackson, on both direct examination by the petitioner himself and on cross examination,[8] counsel's decision to not call her was reasonable.  That ultimately there was scant evidence to

---

[7] Trial Transcript, at 32-37.

[8] Trial Transcript, at 255-251.

14

support defense counsel's theory in no way lends credence to the petitioner's ineffective assistance of counsel argument. Moreover, the petitioner has suggested no alternative defense theory which counsel should have offered. This aspect of the petitioner's ineffective assistance of counsel claim is without merit.

In the fourth component of his ineffective assistance of counsel claim, the petitioner argued that counsel was ineffective when he failed to object when the trial court neglected to charge the jury regarding circumstantial evidence.

A review of the jury instruction demonstrates that this aspect of the petitioner's ineffective assistance of counsel claim lacks merit. Contrary to the petitioner's assertion, the trial judge did instruct the jury on circumstantial evidence.[9] This aspect of the petitioner's ineffective assistance of counsel claim is without merit.

Counsel's performance, measured objectively, was not constitutionally deficient, and there is no basis upon which to conclude that there is a reasonable probability that, but for any of the alleged errors by trial counsel, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. 2068.

---

[9] Trial Transcript, at 423-424.

**Ground 6: Erroneous Jury Instruction**

In his sixth ground for relief, the petitioner argued that the trial court erred in failing to charge the jury on circumstantial evidence.

Contrary to the petitioner's assertion, the trial court did instruct the jury regarding circumstantial evidence.[10]  This ground for relief has no merit.

**Ground 7: Cumulative Errors**

In his seventh ground for relief, the petitioner argued that the cumulative effect of the foregoing alleged errors by his trial counsel and the state trial court denied him a fair trial.

Federal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial when: (1) the individual errors involved matters of constitutional dimension rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and, (3) the errors so infected the entire trial that the resulting conviction violates due process. *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *quoting, Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992), *cert. denied*, 508 U.S. 960, 113 S.Ct. 2928 (1993).

The cumulative errors doctrine provides relief only when the constitutional errors committed in the state trial court so fatally

---

[10] Trial Transcript, at 423-424.

infected the trial that they violated the trial's fundamental fairness. *Spence v. Johnson*, 80 F.3d 989, 1000 (5th Cir. 1996), *cert. denied*, 519 U.S. 1012, 117 S.Ct. 519 (1996). Insofar as the petitioner asserts a "cumulative error" theory as a separate ground for relief, his argument is foreclosed by the Fifth Circuit's opinion in *Derden* and its progeny. In order to satisfy the cumulative error rule in the Fifth Circuit, the petitioner must show that: (1) the state trial court actually committed errors; (2) the errors are not procedurally barred; (3) the errors rise to the level of constitutional deprivations; and (4) the record as a whole reveals that an unfair trial resulted from the errors. *Derden v. McNeel*, 978 F.2d at 1458.

For the reasons set forth in the analysis above, none of the alleged errors - except for Ground 5 discussed below - by the state trial court or the alleged deficiencies in the performance of petitioner's trial counsel identified by petitioner, rise to the level of a violation of the petitioner's constitutional rights. Review of the record of the petitioner's trial, as a whole, reveals that the petitioner was not denied a fair trial. Petitioner's cumulative errors ground for relief is without merit.

**Ground 5: Waiver of Counsel**

In his fifth ground for relief, the petitioner argued that his waiver of counsel after his criminal trial was underway was not

knowing and intelligent and therefore was in violation of the Sixth Amendment.   Specifically, the petitioner argued that the trial court failed to determine his background, education and experience before granting his request that his attorneys withdraw from representing him to allow him to conduct the direct examination of his mother, Helen Jackson.

A defendant has a Sixth Amendment right to self-representation when he voluntarily and intelligently elects to do so.  *Faretta v. California,* 422 U.S. 806, 807, 95 S.Ct. 2525, 2527 (1975).   A defendant must understand that he is not just relinquishing the right to counsel but also the specific benefits associated with representation by counsel.  *Id*. at 835, 95 S.Ct. at 2541.  "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel.   For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits."  *Id*.  To ensure that the defendant's choice of self-representation is voluntary and intelligent, the Court noted that "[a]lthough a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'"  *Id*. (quoting *Adams v. United*

18

*States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236 (1942)). The court must consider the defendant's age and education, and other background, experience, and conduct. The court must ensure that the waiver is not the result of coercion or mistreatment of the defendant, and must be satisfied that the accused understands the nature of the charges, the consequences of the proceedings, and the practical meaning of the right he is waiving. *United States v. Martin*, 790 F2d 1215, 1218 (5th Cir. 1986) (internal citations omitted).

The "assistance of standby counsel, no matter how useful to the court or the defendant, cannot qualify as the assistance of counsel required by the Sixth Amendment." *United States v. Taylor*, 933 F.2d 307, 312 (5th Cir. 1991). As a result, the presence of standby counsel is not an effective substitute for the required *Faretta* inquiry. *United States v. Balogun*, 228 F.3d 408 (5th Cir. 2000).

A review of the record showed that shortly before the State rested, counsel for the defendant advised the court that the petitioner wanted to take over his own defense.[11] After excusing the jury the court determined that the petitioner was asserting his right to testify rather than requesting self-representation.[12] Defense counsel requested that the court further advise the

---

[11] Trial Transcript, at 216.

[12] Trial Transcript, at 221-27.

19

petitioner regarding his right to self-representation before proceeding.[13]  The trial court advised the petitioner of his right to represent himself[14] and advised against it.[15]   Petitioner unequivocally asserted his right to self-representation[16] and the trial court granted the request.[17]  This was done without first determining, on the record, the defendant's age, education and other background, experience and conduct, or otherwise establishing on the record that the petitioner knew what he was doing and that his choice was made with his eyes open.[18]   The trial court then advised the petitioner about expected courtroom behavior and procedures.[19]

The record shows that the trial court failed to conduct a *Faretta* inquiry to determine whether the petitioner knowingly and intelligently waived his right to counsel.  At most, the trial judge determined that the waiver was voluntary.  Insofar as the state courts found a valid waiver of counsel by the petitioner at

---

[13] Trial Transcript, at 228-29.

[14] Trial Transcript, at 230-31.

[15] Trial Transcript, at 232.

[16] Trial Transcript, at 231.

[17] Trial Transcript, at 232.

[18] Nothing in the trial transcript indicates that the state court judge already had knowledge of and considered the relevant facts.

[19] Trial Transcript, at 233-36, 239-43.

his trial, that was an unreasonable application of federal law. Petitioner is entitled to habeas corpus relief.

When an invalid waiver of counsel occurs during the trial, Fifth Circuit precedent requires a new trial; a harmless error analysis is not available.[20] *United States of America v. Virgil*, 444 F.3d 447, 455-56 (5th Cir. 2006)(citing cases).[21]   The appropriate relief is to order the State to either give the petitioner a new trial or release him from custody.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner Kelvin Landry's application for habeas corpus relief be denied as to Grounds 1, 2, 3, 4, 6 and 7.

It is further recommended that the petitioner's application be granted as to Ground 5, and that the State of Louisiana be ordered to give the petitioner a new trial within 180 days after

---

[20] Although Jackson was the only witness questioned by the petitioner, her testimony was not inconsequential.  Rather, she offered testimony which likely contributed significantly to the petitioner's conviction on both charges.  Even if a harmless error analysis was available, the evidence in this case would not support finding that the error was harmless.

[21] The *Faretta* error occurred during the sentencing phase of the case.  *See also*, *Gross v. Cooper*, 312 Fed.Appx. 671 (5th Cir. 2009)(*Faretta* error during trial required new trial).  The state did not address in the memorandum supporting its answer whether relief short of a new trial can be appropriate in the circumstances of this case. However, this is understandable since the state argued that the petitioner's waiver of counsel was valid.

the decision of this court remanding the case to the state court is final or release him from custody.

    Baton Rouge, Louisiana, August 25, 2010.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE