UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KELVIN LANDRY (#494977)

VERSUS

BURL CAIN ET AL

CIVIL ACTION

NO.  09-263-BAJ-SCR

**RULING**

The court has carefully considered the petition, the record, the law applicable to this action, and the Report and Recommendation of United States Magistrate Judge Stephen C. Riedlinger dated August 25, 2010 (doc. 19).  The Court has also carefully considered defendant's objection to the Report and Recommendation in which defendant "refers the Court to respondent's original Memorandum in Support of Answer," and asserts that "[t]he trial court adequately inquired into whether the waiver [of counsel] was knowing and intelligent" (doc. 20, p. 1).

Defendant argues that the trial court advised petitioner against discharging counsel, and, citing state court jurisprudence, further argues that "no specific criteria exist" to determine whether a waiver is knowing and intelligent (doc. 15, p. 1, *ref. by* doc. 20, p. 1).[1]  However, it is well established that to determine whether a waiver

---

[1]The memorandum cites *State v. Marta*, 765 So.2d 438 (La.App. 4 Cir. 2000) and *State v. Stev[i]son*, 721 So.2d 843, 844-5 (stating that, though 'factors bearing on the validity of [the waiver] include the age, education, experience, background, competency and conduct of the accused,' we did not thereby establish inflexible criteria or a magic word formula for determining the voluntariness of a waiver." The court in *Stevison* further stated that [t]he inquiry into the

is knowing and intelligent, the "court *must* consider the defendant's age, education, background, experience and conduct." *U.S. v. Joseph*, 333 F.3d 587, 590 (5th Cir. 2003) (emphasis added); See also, e.g., *U.S. v. Davis*, 269 F.3d 514, 518 (5th Cir. 2001) (stating "[i]n particular, the district court must consider various factors, including the defendant's age and education, and other background, experience, and conduct"); *U.S. v. Martin*, 790 F.2d 1215, 1218 (5th Cir. 1986) (stating that "[t]he court must consider the defendant's age and education, *Mixon v. United States,* 608 F.2d 588 (5th Cir. 1979), and other background experience, and conduct. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Middlebrook v. United States*, 457 F.2d 657 (5th Cir. 1972)").[2]

As the Report and Recommendation notes, the waiver was granted without the trial court "first determining, on the record, the defendant's age, education and other background, experience and conduct, or otherwise establishing on the record that the petitioner knew what he was doing and that his choice was made with his eyes open" (doc. 19, p. 21).  The report further notes that "nothing in the trial transcript indicates that the state court judge already had knowledge of and considered the relevant facts." (*Id.* at n. 18).  Accordingly, the Court finds that defendant has failed to establish that the petitioner knowingly and intelligently waived

---

validity of the accused's waiver of counsel must take into account the totality of the circumstances in each case." *Id.*

[2]The Court notes that nothing in the language cited in the above cases is inconsistent with the holding of the Louisiana State Supreme Court in *Stevison,* noted *supra,* n. 1.  Though the court may consider a wide range of criteria in determining whether a waiver of counsel is knowing and intelligent, it must, at a minimum, consider the defendant's age, education and other background, experience and conduct.

his right to counsel under the Sixth Amendment to the United States Constitution.

For the above reasons, the Court finds no merit in defendant's objection and hereby approves the report and recommendation of the magistrate judge and, along with the discussion herein, adopts it as the court's opinion.

Accordingly, the application by petitioner Kelvin Landry for habeas corpus relief is **DENIED** as to Grounds 1, 2, 3, 4, 6, and 7, but is **GRANTED** as to Ground 5, and **IT IS ORDERED** that the State of Louisiana give the petitioner a new trial within 180 days after the decision of this Court remanding the case to the state court becomes final, or release him from custody.

Baton Rouge, Louisiana, October _20_, 2010.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA